Francis J. Donovan, J.
Defendant moves to dismiss the complaint for failure to state a cause of action. The action is brought by the payee against the maker of a note payable at a bank.
The defendant contends that the failure to allege presentment and dishonor is a fatal defect.
Before discussing that issue there is á threshold question as to which of several complaints is “the complaint.” There *833 have been three complaints. The first was a short form indorsement on the summons served on or about March 29, 1968. The second was a long form complaint served on April 11, 1968, apparently on advice of the Court Clerk in order to comply with rule 5 of the Nassau County District Court Buies, requiring long form complaints in actions for sums greater than $1,000. A third complaint was served on April 29, 1968, after service of defendant’s motion papers.
We need not determine the effect of service of the summons with indorsement for defendant has accepted the second complaint served on April 11, 1968 by moving to dismiss it for insufficiency.
Plaintiff’s attempt to defeat the motion by service of the complaint on April 29,1968 stands or falls on his right to serve the same without leave of court. He may amend once only without leave of court (CPLB 3025). This he had done when he superseded the complaint indorsed on the summons by the formal complaint served April 11, 1968.
The indorsement was a complaint albeit perhaps insufficient in form to comply with the court rule. However it was amendable by service of a new complaint (see Practice Commentary following section 903 in McKinney’s Cons. Laws of N. Y., Book 29A, New York City Civ. Ct. Act).
If leave were sought to serve the amended complaint of April 29, 1968, it would be granted and this motion would become academic.
The April 11 complaint fails to allege that the notes were presented for payment at the bank designated and dishonored. This defect is supplied by the abortive complaint of April 29.
The quickest disposition at first blush seems to be to grant the within motion with leave to plaintiff to replead. This however might make it the law of this case that presentment and dishonor are necessary.
Such law might bind a Trial Judge and it would appear to make built in error to complicate the litigation.
We must therefore take the motion as tendered and determine the question: Is the liability of the maker of a note payable at a bank contingent on presentment at the bank?
The model Uniform Commercial Code proposes two alternatives (Anderson’s Uniform Commercial Code, § 3-121).
“ Alternative A — A note or acceptance which states that it is payable at a bank is the equivalent of a draft drawn on the bank payable when it falls due out of any funds of the maker or acceptor in current account or otherwise available for such payment.
*834 ‘ ‘ Alternative B — A note or acceptance which states that it is payable at a bank is not of itself an order or authorization to the bank to pay it.
The Uniform Commercial Code as adopted by the State of New York provides the first alternate in section 3-121. Since the note in this case is equivalent to a check drawn on the bank, we might expect that the note should be presented at the bank. Assuming that the note was not presented, we come to the question of the effect — if any — on the liability of the maker.
Subdivision (2) of section 3-501 of the Uniform Commercial Code provides that unless excused, in the case of a drawer, notice of dishonor is necessary, but failure to give such notice discharges such drawer only as stated in paragraph (b) of subdivision (1) of section 3-502.
Paragraph (b) of subdivision (1) of section 3-502 provides: “ Any drawer or the acceptor of a draft payable at a bank or the maker of a note payable at a bank who because the drawee or payor bank becomes insolvent during the delay is deprived of funds maintained with the drawee or payor bank to cover the instrument may discharge his liability by written assignment to the holder of his rights against the drawee or payor bank in respect of such funds, but such drawer, acceptor or maker is not otherwise discharged. ”
Prom this it is clear that it is not necessary to allege presentment and dishonor in the complaint. If the failure to present the note has caused a loss because of the insolvency of the bank at which it was payable, that becomes a matter of defense to be pleaded in the answer ivith the tender of the assignment of the defendant’s rights against the bank. The complaint is therefore sufficient and the motion is denied.
No leave has been asked to serve the third complaint, but this disposition is without prejudice to an application by plaintiff for leave to serve such complaint in the event he deems it advisable to remove the problem of presentment from the litigation.